UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Ayana Thompson<br>c/o Piontek Law Office<br>58 East Front Street<br>Danville, PA  17821<br>　　　　　Plaintiff<br>v.<br>Lexis Risk Solutions Bureau, LLC<br>1000 ALDERMAN DRIVE<br>ALPHARETTA, GA 30005<br>　　　　　Defendant | :<br>:<br>:　26-131<br>:<br>:<br>:<br>:<br>:<br>:<br>:　Jury Trial Demanded<br>: |

# COMPLAINT

1. This is an action brought by a consumer for violation of alleged violations of the Fair Credit Reporting Act (FCRA), and the Fair and Accurate Credit Transactions Act (FACTA) et. seq. , 15 USC 1681 et. seq.

2. Plaintiff is Ayana Thompson, an adult individual, residing in this jurisdiction, with a mailing address for purposes of this litigation of c/o Piontek Law Office, 58 East Front Street, Danville, PA  17821.

3. Defendant is Lexis Risk Solutions Bureau, LLC, a business entity with a place of business located at 1000 ALDERMAN DRIVE, ALPHARETTA, GA 30005.

4. Jurisdiction and venue are proper because a substantial portion of the transactions, occurrences, acts or omissions took place in this jurisdiction.

5. Jurisdiction and venue are proper because Defendant regularly transacts business in this jurisdiction and avails itself of the market place in this jurisdiction.

6. Jurisdiction and venue are proper in this jurisdiction because witnesses may be located in this jurisdiction.

7. Jurisdiction and venue are proper because some of the mail correspondence in the attached exhibits were sent from this jurisdiction to Defendant, and therefore a substantial portion of the acts, events leading up to this cause of action occurred in this jurisdiction

8. Jurisdiction and venue are proper because According to 15 United States Code 1681 G, defendant was supposed to mail plaintiff her consumer disclosure to this jurisdiction, and therefore a substantial potion of the omissions described in this Complaint occurred in this jurisdiction

**COUNT ONE: Violation of the Fair Credit Reporting Act and the Fair and Accurate Credit Transactions Act, 15 USC 1681 et. seq.
Failure to Send Plaintiff's Consumer Disclosure**

9. The previous paragraphs of this Compliant are incorporated by reference.

10. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

11. At all times mentioned herein, Plaintiff was a consumer as defined by 15 USC 1681.

12. At all times mentioned herein, Plaintiff was a person as defined by 15 USC 168la (c).

13. At all times mentioned herein, Plaintiff was in individual as defined by 15 USC 1681a of the FCRA.

14. At all times mentioned in this Complaint, Defendant maintained a "file" on Plaintiff as defined by 15 USC 1681(a)(d) et. seq.

15. At all times mentioned in this Complaint, Defendant was a "consumer Reporting Agency" as defined by 15 USC 1681a et. seq. of the FCRA.

16. Prior to the commencement of this case, Plaintiff contacted Defendant in writing through the United states mail and requested a copy of the information contained in Plaintiff's consumer file which was maintained by Defendant.

17. At the time that Plaintiff requested Plaintiff's consumer file from Defendant, Plaintiff furnished proper proof of identity and proper proof of mailing address. Plaintiff furnished a copy of Plaintiff's photo ID.

18. Upon information and belief at the time that Plaintiff requested Plaintiff's consumer file from Defendant, Defendant had Plaintiff's correct mailing address already on file.

19. Defendant had no reason to doubt that the authenticity of Plaintiff's written request.

20. Plaintiffs written request for the consumer disclosure was substantiated based on the following.

    a. Plaintiff furnished proper proof of ID and proof of his mailing address.

    b. Defendant already had Plaintiff's correct address on file for a considerable and reasonable amount of time.

    c. Defendant knew or should have known that Plaintiff's request letter contained a valid address for Plaintiff based on Defendant's own records on file.

    d. Plaintiff furnished Plaintiff's telephone number to Defendant which Defendant could have called if they were concerned about Plaintiff's identity and Defendant never called Plaintiff's telephone number.

    e. Plaintiff furnished the contact information for Plaintiff's lawyer so that if Defendant doubted the authenticity of Plaintiff's letter, Defendant could have easily verified Plaintiff's identity.

21. According to 15 USC 1681g of the Fair Credit Reporting Act a consumer is entitled to one free copy per year of their consumer file from a consumer reporting agency such as Defendant.

22. On or about June 24, 2004, the Federal Trade Commission released regulations which proscribed the format for correspondence that an individual seeking his or her consumer report should conform to.

23. Plaintiff's request met those guidelines of the Federal Trade Commission.

24. Defendant refused to provide Plaintiff with a copy of Plaintiff's consumer report, even though Defendant was legally obligated to do so.

25. Instead of sending Plaintiff a copy of their consumer file, Defendant sent Plaintiff a form letter with instructions for Plaintiff to go to Defendant's own website and download Plaintiff's consumer disclosure

26. Plaintiff was given a link to Defendant's website to get their consumer file.

27. The written letter contained instructions for plaintiff to type in a code which would have then allowed Plaintiff to download their consumer disclosure from Defendant's website

28. Defendant's website contained certain terms and conditions which Plaintiff would have been required to agree to if Plaintiff had proceeded to download their consumer disclosure from Defendant's website.

29. The terms and conditions were favorable to Defendant but not to Plaintiff

30. The terms and conditions required Plaintiff to waive certain important legal rights that Plaintiff otherwise would have retained without the terms and conditions.

31. The terms and conditions required Plaintiff to waive important legal rights in case there were ever litigation between Plaintiff and Defendant about Plaintiff's consumer file.

32. Plaintiff did not feel inclined to waive any of their rights just to get what should have been a FREE consumer file from defendant as required by 15 USC 1681g et. seq. of the FCRA.

33. The consumer disclosure offered by defendant on their website was not FREE if Plaintiff was required to waive important legal rights in exchange for receiving it.

34. Plaintiff declined to accept the terms and conditions and did not download their consumer disclosure from Defendant's website.

35. In plaintiffs request letter, plaintiff asked defendant to waive their terms and conditions if Plaintiff were to have gotten the consumer file from Defendant's website.

36. Plaintiff has no record of defendant ever agreeing to waive their terms and conditions on the website.

37. Defendant refused to waive their terms and conditions on the website

38. Defendant's refusal to provide Plaintiff with a free copy of Plaintiff's consumer file was unreasonable.

39. By unreasonably refusing to give Plaintiff a FREE copy of Plaintiff's consumer file, Defendant violated 15 USC 1681g et. seq. of the FCRA.

## LIABILITY

40. The previous paragraphs of this Complaint are incorporated by reference.

41. It is believed and averred that the acts and omissions described in this Complaint were willful, wanton and intentional. The willful and wanton nature of Defendant's acts and omissions is exemplified by certain factors including but not limited to the following:

    a. Plaintiff furnished proper proof of ID and proof of her mailing address.

    b. Defendant already had Plaintiff's correct address on file for a considerable and reasonable amount of time. Defendant knew or should have known that Plaintiff's request letter contained a valid address for Plaintiff based on Defendant's own records on file.

    c. Plaintiff furnished Plaintiff's telephone number to Defendant which Defendant could have called if they were concerned about Plaintiff's identity and Defendant never called Plaintiff's telephone number.

    d. Plaintiff's letter directed Defendant to contact Plaintiff's attorney if there were any doubts about Plaintiff's identity or the authenticity of Plaintiff's request letter.

    e. Plaintiff's letter directed Defendant to contact Defendant's supervisor if there were any doubts about Plaintiff's identity or the authenticity of Plaintiff's request letter.

    f. The form letter denying Plaintiff their consumer disclosure steered Plaintiff to Defendant's own website by providing a link to certain terms and conditions which would have required Plaintiff to waive a plethora of legal rights in order to receive their consumer disclosure.

    g. By preventing Plaintiff from using the U.S. Mail, or even email, to obtain their consumer file, Defendant was attempting to steer Plaintiff toward defendants self-serving website so that Defendant could profit monetarily and legally.

      h. Upon information and belief many similarly situated consumers received similar letters under similar circumstances. The letters denied them their consumer file in response to their valid request(s). The denial letters received were in the same or similar format as the letter which is the subject of this complaint.

      i. Defendant(s) standard business practices, policies and procedures antithetical to Defendant(s)' duties under 15 USC 1681c(d) et. seq.

42. Defendant is liable for the acts and omissions of its agents and employees under the doctrine of respondeat superior because Defendant's agents were acting within the scope of their employment with Defendant when such acts or omissions occurred.

43. Any mistake made by Defendant(s) would have included a mistake of law, not just fact.

44. Any mistake made by Defendant(s) would not have been a reasonable or bona fide mistake.

## LIABILITY AND DAMAGES

45. The previous paragraphs of this complaint are incorporated by reference and made a part hereof .

46. At all times various employees and / or agents of Defendant(s) were acting as agents of Defendant(s), and therefore Defendant(s) is liable to for the acts committed by its agents and / or employees under the doctrine of respondeat superior.

47. At all times various employees and / or agents of Defendant(s) were acting jointly and in concert with Defendant(s), and Defendant(s) is liable for the acts of such employees and / or agents under the theory of joint and several liability because Defendant(s) and its agents were engaged in a common business venture and were acting jointly and in concert.

48. It is believed and averred that Defendant's violations of the Fair Credit Reporting Act, 15 USC 1681 et. seq. were willful and wanton for the above stated reasons .

49. Because Defendant(s) aforementioned acts and omissions were willful and wanton, Plaintiff believes and avers that punitive damages are warranted.

50. The amount of such punitive damages should be set by this Honorable Court.

51. For purposes of a default judgment, Plaintiff believes and avers that the amount of such punitive damages should be no less than $9,000.00.

52. Plaintiff's actual damages are $1.00 more or less, including but not limited to postage, stationary, fax, gas, mileage, etc.

53. Plaintiff believes and avers Plaintiff is entitled $1,000.00 statutory damages per violation under 15 USC 1681 et. seq., or other statutory damaged imposed by this Honorable Court.

**STANDING UNDER ARTICLE 3 OF THE UNITES STATES CONSTITUION**

54. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

55. A plaintiff invoking federal jurisdiction under Article III of the U.S. Constitution bears the burden of an injury in fact. See Spokeo v. Robbins U.S. Supreme Court Opinion of the Honorable Justice Samuel Alito, 13-1119 (2016), quoting Lujan v. Defenders of Wildlife, 504 U. S. 555 (1992).

56. The injury-in-fact requirement requires a plaintiff to show that he or she suffered "an invasion of a legally protected interest" that is "particularized" and "concrete."

57. Plaintiff suffered an actual concrete injury when Defendant refused to provide Plaintiff with a copy of their consumer file in compliance with 15 USC 1681g et seq.

58. The deprivation of plaintiff's right to receive a copy of their consumer file was a concrete injury.

59. Plaintiff suffered a concrete harm by incurring postage costs to try to get their consumer file. Any postage costs advanced by Plaintiff's attorney are fully reimburseable.

60. Defendant's flagrant flaunting of the law was willful and dangerous thus manifesting a "concrete harm" to not only the Plaintiff but other consumers deprived of statutory conferred rights under 15 USC 1681g et. seq.

61. Congress created a private right of action for willful noncompliance with the FCRA pursuant to 15 USC 1681n as opposed to a private right of action for negligent non-compliance pursuant to 15 USC 1681o. A willful violation warrants actual damages plus $100 to $1,000 statutory damages. But a mere negligent violation warrants only actual damages and no statutory damages. This was Congress's way of emphasizing the concreteness of the harm when a CRA chooses to flaunt the law and not comply.

62. A key factor that the Court should apply in determining Defendant's actions to be a "concrete harm" is the willful nature of Defendant's conduct and Defendant's blatant and flagrant refusal to give Plaintiff the requested information.

63. Defendant's flagrant flaunting of the law of 15 USC 1681g et. seq. was willful and dangerous thus manifesting a "concrete harm" to not only the Plaintiff but other consumers deprived of statutory conferred rights, including the right to receive information about the persons or entities accessing the consumers' reports.

64. No rational interpretation of Article 3 of the U.S. Constitution or the aforementioned Spokeo Decision. would allow for a CRA to willfully refuse to comply with 15 USC 1681g, and then simply claim that there was no standing under Article 3.

## ATTORNEY FEES

65. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

66. Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees for prosecuting this action.

67. Plaintiff believes and avers that the reasonable rate of Plaintiff's attorney fees amounts to no less than $1,500.00 at a rate of $600.00 per hour, described below.

   a. Consultation with client, review of file,                         .5
      Drafting, processing and mailing letters

   b. Drafting, editing, review and filing of Complaint
      and related, documents, organizing exhibits              2

   c. Follow up correspondence with Plaintiff
      and Defense                                              2

   Total = 2.5 hours x $600 per hour =                       $1,500

68. Plaintiff's attorney fees continue to accrue as the case moves forward.

69. The above reference attorney fees are a reasonable estimate of the work performed as of the date of the filing of the complaint, and reasonable required follow up.

## OTHER RELIEF

70. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

71. Plaintiff seeks an order from this Honorable Court or other court of competent jurisdiction Directing Defendant(s) to provide Plaintiff with their consumer file.

72. Plaintiff seeks an order from this Honorable Court or other court of competent jurisdiction Directing Defendant(s) to updated the information concerning the aforementioned bankruptcy to show that the bankruptcy case was voluntarily withdrawn by Plaintiff.

73. Plaintiff requests / demands a jury trial in this matter.

74. Plaintiff demands court fees and administrative costs associated with prosecuting this action.

75. Plaintiff requests such other relief as this Honorable Court may deem just and proper.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of $11,501.00 enumerated below.

      $1.00 actual damages

      $1,000.00 statutory damages pursuant to 15 USC 1681 et. seq.

      $1,500.00 attorney fees

      $9,000 punitive damages
      _____

      $11,501

      Plaintiff seeks Court fees and administrative costs associated with prosecuting this case.

    Plaintiff also seeks such other relief as this Honorable Court deems fair and just.

_____    _____
Vicki Piontek, Esquire                    Date
Attorney for Plaintiff
58 East Front Street
Danville, PA  17821
215-290-6444
Fax:  866-408-6735
vicki.piontek@myfax.com